**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **KAITLYN M. BENNETT,** | CASE NO. 3:25 CV 2075 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Kaitlyn M. Bennett seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed objections to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits in January 2023, alleging a disability onset date of July 15, 2021. *See* Tr. 255, 257. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on October 18, 2024, finding Plaintiff not disabled. (Tr. ). This appeal ultimately followed. (Doc. 1).

Plaintiff originally raised two arguments regarding the ALJ's decision. First, she argued that ALJ's RFC did not adequately account for the limitations opined by Certified Nurse

Practitioner ("CNP") Sara Bailey. (Doc. 8, at 7-11). Second, she argued the ALJ did not adequately explain the definition of "superficial" interaction. *Id.* at 11-13.

In his R&R, Judge Clay concluded the RFC accounted for the limitations in CNP Bailey's opinion and adequately explained any deviation therefrom, and substantial evidence supported the ALJ's limitation to superficial interaction as defined by the ALJ. (Doc. 10, at 13-27). He recommends the Court affirm the Commissioner's decision. *See id*.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single objection to the R&R. She argues the ALJ failed to account for CNP Bailey's work-related limitations as Bailey defined them, even after finding those limitations persuasive. (Doc. 11, at 2-4). As she did to the Magistrate Judge, Plaintiff contends that the definitions provided on CNP Bailey's checkbox form contradict the ALJ's RFC.

On *de novo* review, the Court agrees with the R&R's analysis. The dispute here stems from the definition of "moderate" impairment provided on the form Bailey completed. It defined a "moderate" impairment as one in which the individual was "[u]nable to function in this area from 11% to 25% of the work day or work week." (Tr. 2027). Bailey opined Plaintiff had a "moderate" limitation in various areas of social interaction and sustained concentration and persistence, and adaptation. *See* Tr. 2027-29. First, contrary to Plaintiff's argument that "[t]he ALJ reviewed Ms. Bailey's opinion and found them to be persuasive [and,] [t]herefore, had to account for those limitations" (Doc. 11, at 3), as the R&R correctly identified, "the ALJ need not incorporate all opined restrictions in a medical opinion, even if the ALJ finds the opinion persuasive." (Doc. 10, at 16); *see also Kinney v. Comm'r of Soc. Sec.,* 2024 WL 2273365, at * 3 (6th Cir.) ("An ALJ need not incorporate every limitation from a medical source's recommendation, even if it finds that medical source to be persuasive."); *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("[E]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinion verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). And, ultimately, it is an ALJ's duty to

1. Neither party objects Judge Clay's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly summarized by Judge Clay.

assess the RFC based on the record as a whole. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).

To the extent CNP Bailey's opinions differed by a matter of degree from the ultimate RFC (because the definitions on her form for "mild" and "moderate" were more restrictive than the agency definition of those terms), and neither the R&R nor this Court dispute that they were, the Court agrees with the Magistrate Judge that the ALJ's analysis adequately implicitly explains the RFC's deviation therefrom. *See* Doc. 10, at 17-21; *see also* SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

That is, read in context and with common sense, it is apparent the ALJ found CNP Bailey's opinion persuasive to the extent consistent with the degree of limitation ultimately found in the RFC and consistent with the state agency opinions. Thus, the Court agrees with the R&R that the ALJ's discussion of the state agency opinions as compared to the record "is adequate to show why the ALJ did not adopt more restrictive limitations or use the definition of moderate set out in [Bailey's] Medical Source Statement." (Doc. 10, at 20); *see also* Tr. 26-27 (discussing state agency physician opinions); Tr. 28-29 (discussing CNP Bailey's opinion, and concluding, "[o]verall, nothing in the record supports *a finding of disability* . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Clay's R&R (Doc. 10) ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2026